Derbigny, J.
delivered the opinion of the court. This suit is brought on some ancient accounts, accepted about twenty-five years ago by the husband of the defendant, at Cape Francois, in the island of Hispaniola, and on a judgment, recovered on said accounts, against the officer, entrusted with the administration of the estates of persons absent from the said island.
The principal defence set up against this claim is that, on the death of the defendant's husband, which happened soon after the said judgment was rendered, the defendant renounced to the community of goods, which had existed between her and her said husband, and was thus discharged from any responsibility for the debts of the said community, of which this is admitted to be one.
*394 East'n District.
March, 1818.
costs. Young for the plaintiff, Seghers for the de-
To prove this fact, she produced a witness, who swears, that the act of that renunciation was made by the defendant, in her (the witness's) presence, in the office of Maureau, no- tary, at Cape François, where it remained de- posited; and that the papers of that officer were destroyed in the conflagration of that city.
The objection raised against the credibility of this witness, because she is the aunt of the defendant, is of no moment, being unattended with any circumstance that may create any sus- picion of her veracity.
Neither is there any weight in the objection that her testimony alone, unsupported by a be- ginning of proof in writing, is insufficient to establish the above facts; the part of the statute which is relied on, Civ. Code, 310, art. 244, being applicable only to the proof of a contract; while in the subsequent page, art. 247, it is provided that, in cases like the present, the de- position of a single witness shall suffice.
It is, therefore, ordered, adjudged and de- creed, that the judgment of the district court be affirmed, with costs.