Mathews, J.
delivered the opinion of the court. The only question in this case, as to J 1 7 the liability of the insurers, arises from the r 7 state of the brig insured, at the time of i ts de- ° ■ parture from the port of New-Orleans, on the inten%d voyage. It is a question of fact, relating to the sea-worthiness of the vessel, The cause was submitted to a jury in the court below, Who, on the testimony offered to them, found a verdict for the plaiptUfs. There was a motion for a new trial, which *282 the total unfitness for sea of the brig, at the commencement of the voyage, and consequent discharge of the under-writers, caused by a breach of the implied warranty of sea-worthiness. being over-niled, and judgment rendered or the verdict; the defendants appealed. The whole of the testimony comes up in the re. cord, which it is insisted on by the coun~ sel for the appellants, establishes conclusiveh

East'n District.

April, 1822.
The facts of this case differ but little from those which were proven in that of Trimble’s syndics vs. New-Orleans Insurance Company, heretofore decided in this court. 3 Martin, 394. In the present, as in the former, case, we are of opinion, that sufficient matter is shewn on the part of the plaintiffs, to place the burthen of proof on the defendants, of the innavigable state of the vessel at the time of commencing its voyage. The only difference in the two cases, is an attempt in this, to shew by testimony, the opinions of witnesses who may be supposed to be skilled in such matters; the impossibility (from the nature of things) that a ship, so extensively rotten as the brig (the present subject of dispute) was found to be, on the sprvey and examination of the port *283 wardens of Charleston, S. C., could have been other than unseaworthy at the com- . mencement of the voyage.
Morse for plaintiffs, Dmcan for defendants.
We have examined and weighed attentively, . _ all the evidence, and are inclined to think, that it preponderates in favour of the defendants and appellants; but as the finding of the jury is opposed to our opinion of the testimony, and as it is the appropriate duty of juries (according to all systems of jurisprudence, when they assist in the trial of suits) to answer to questions of fact, we conclude, that this cause ought to be remanded for a new trial.
In coming to this conclusion, we feel less reluctance, on account of a motion to this effect having been made in the court a quo ; as it does not derogate from the proper office of juries, to submit a cause to a second, when in the opinion of the judge, the first jury have mistaken or not strictly weighed the evidence. 9 Martin, 258.
It Is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled, and that the cause be remanded for a new trial, and that the appellees pay costs;